IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JUSTIN S. JONES                                              PLAINTIFF

v.                              No. 3:26-cv-140-DPM

ANCHOR PACKAGING, INC. and
GEORGIA-PACIFIC, LLC                                        DEFENDANTS

## ORDER

1.    Jones's application to proceed *in forma pauperis*, *Doc. 1*, is granted.  He reports no income or savings and living with his sister for housing.

2.    The Court must screen Jones's complaint, *Doc. 2*.  28 U.S.C. § 1915(e)(2).  He is a Muslim black man.  He says Anchor Packaging maintained a hostile work environment, discriminating against him because of his race and religion.  He also says the company retaliated against him after he complained.  *Doc. 2*.  He attached his EEOC charge of discrimination and right-to-sue letter.  His charge provides some details.  Jones has stated at least a plausible hostile work environment claim.  *Warmington v. Board of Regents of the University of Minnesota*, 998 F.3d 789, 799 (8th Cir. 2021); *Wilson v. Arkansas Department of Human Services*, 850 F.3d 368, 371-74 (8th Cir. 2017).  The Muslim-based comments by a lead, and the co-workers' derogatory questions about Black people, are plausibly more than stray remarks.  *Blomker v. Jewell*,

831 F.3d 1051, 1057 (8th Cir. 2016). He has not stated a retaliation claim, though, because he pleads no adverse action caused by his opposition to discrimination. *Kipp v. Missouri Highway and Transportation Commission*, 280 F.3d 893, 896-97 (8th Cir. 2002). And he has not stated a discrimination claim because he hasn't pleaded that white or non-Muslim employees were treated more favorably because of their race or religion. *Johnson v. Securitas Security Services*, 769 F.3d 605, 613 (8th Cir. 2014). Last, he has not stated an outrage claim under Arkansas law. Profanity and vulgarity in the workplace don't deserve commendation. But they are not beyond the bounds of all civilized behavior in a warehouse. *Faulkner v. Arkansas Children's Hospital*, 347 Ark. 941, 957-58, 69 S.W.3d 393, 403-04 (2002).

3.     Jones's complaint is conclusory—bare bones statements. More information about his one remaining claim (a hostile work environment based on his race and religion) before service would be helpful. Jones must file an amended complaint by 1 August 2026 with more details about the religious and racial comments, what his supervisors knew about them, and how they and Anchor Packaging responded.

So Ordered.

_____

D.P. Marshall Jr.
United States District Judge

1 July 2026

–3–